WO                                                                                                          MDR

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| John M. Scales, | No.  CV 14-02325-PHX-SPL (MHB) |
| Plaintiff, | |
| vs. | **ORDER** |
| Joseph A. Arpaio, Jr., | |
| Defendant. | |

On October 20, 2014, Plaintiff John M. Scales, who is confined in the Maricopa County Lower Buckeye Jail, filed a "Motion: for Relief – Due to[] Civil Rights Violations" that the Court will construe as a Complaint pursuant to 42 U.S.C. § 1983 (Doc. 1).

I. **Payment of Filing Fee**

When bringing an action, a prisoner must either pay the $350.00 filing fee and a $50.00 administrative fee in a lump sum or, if granted the privilege of proceeding *in forma pauperis*, pay the $350.00 filing fee incrementally as set forth in 28 U.S.C. § 1915(b)(1).   An application to proceed *in forma pauperis* requires an affidavit of indigence and a *certified* copy of the inmate's trust account statement for the six months preceding the filing of the Complaint.  28 U.S.C. § 1915(a)(2).  An inmate must submit statements from each institution where he was confined during the six-month period.  *Id.* To assist prisoners in meeting these requirements, the Court requires use of a form application.  LRCiv 3.4.

If a prisoner is granted leave to proceed *in forma pauperis*, the Court will assess an initial partial filing fee of 20% of either the average monthly deposits or the average monthly balance in Plaintiff's account, whichever is greater. 28 U.S.C. § 1915(b)(1). An initial partial filing fee will only be collected when funds exist. 28 U.S.C. § 1915(b)(4). The balance of the $350.00 filing fee will be collected in monthly payments of 20% of the preceding month's income credited to an inmate's account, each time the amount in the account exceeds $10.00. 28 U.S.C. § 1915(b)(2).

Because Plaintiff has not paid the $400.00 filing and administrative fees or filed an Application to Proceed *In Forma Pauperis*, Plaintiff will be permitted 30 days from the filing date of this Order to submit a properly executed and certified Application to Proceed *In Forma Pauperis*, using the form included with this Order, or pay the $400.00 filing and administrative fees.

**II.    Complaint not on Court-Approved Form**

Local Rule of Civil Procedure 3.4 requires in part that "[a]ll complaints and applications to proceed in forma pauperis by incarcerated persons shall be signed and legibly written or typewritten on forms approved by the Court and in accordance with the instructions provided with the forms." Plaintiff's Complaint is not on a court-approved form as required by Local Rule of Civil Procedure 3.4. Plaintiff's Complaint will therefore be dismissed without prejudice, with leave to amend, in order for Plaintiff to file an amended complaint on a court-approved form.

Within 30 days, Plaintiff may submit a first amended complaint on a court-approved form. The Clerk of Court will mail Plaintiff a court-approved form to use for filing a first amended complaint. If Plaintiff fails to use the court-approved form, the Court may strike the amended complaint and dismiss this action without further notice to Plaintiff.

Plaintiff must clearly designate on the face of the document that it is the "First Amended Complaint." The first amended complaint must be retyped or rewritten in its

entirety on the court-approved form and may not incorporate any part of the original Complaint by reference.  **Plaintiff may include only one claim per count**.

A first amended complaint supersedes the original Complaint.  *Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992); *Hal Roach Studios v. Richard Feiner & Co.*, 896 F.2d 1542, 1546 (9th Cir. 1990).  After amendment, the Court will treat the original Complaint as nonexistent.  *Ferdik*, 963 F.2d at 1262.  Any cause of action that was raised in the original complaint and that was voluntarily dismissed or was dismissed without prejudice is waived if it is not alleged in a first amended complaint.  *Lacey v. Maricopa County*, 693 F.3d 896, 928 (9th Cir. 2012) (*en banc*).

If Plaintiff files an amended complaint, Plaintiff must write short, plain statements telling the Court: (1) the constitutional right Plaintiff believes was violated; (2) the name of the Defendant who violated the right; (3) exactly what that Defendant did or failed to do; (4) how the action or inaction of that Defendant is connected to the violation of Plaintiff's constitutional right; and (5) what specific injury Plaintiff suffered because of that Defendant's conduct.  *See Rizzo v. Goode*, 423 U.S. 362, 371-72, 377 (1976).

Plaintiff must repeat this process for each person he names as a Defendant.  If Plaintiff fails to affirmatively link the conduct of each named Defendant with the specific injury suffered by Plaintiff, the allegations against that Defendant will be dismissed for failure to state a claim.  **Conclusory allegations that a Defendant or group of Defendants has violated a constitutional right are not acceptable and will be dismissed**.

In addition, if Plaintiff files an amended complaint, he should take note that § 1983 provides a cause of action against persons acting under color of state law who have violated rights guaranteed by the United States Constitution and federal law.  42 U.S.C. § 1983; *see also Buckley v. City of Redding*, 66 F.3d 188, 190 (9th Cir. 1995).  A pretrial detainee's claim for unconstitutional conditions of confinement arises from the Fourteenth Amendment Due Process Clause rather than from the Eighth Amendment prohibition against cruel and unusual punishment.  *Bell v. Wolfish*, 441 U.S. 520, 535 and

n.16 (1979).   Nevertheless, the same standards are applied, requiring proof that the defendant acted with deliberate indifference.  *See Frost v. Agnos*, 152 F.3d 1124, 1128 (9th Cir. 1998).

Deliberate indifference is a higher standard than negligence or lack of ordinary due care for the prisoner's safety.  *Farmer v. Brennan*, 511 U.S. 825, 835 (1994).  To state a claim of deliberate indifference, plaintiffs must meet a two-part test.  "First, the alleged constitutional deprivation must be, objectively, sufficiently serious"; and the "official's act or omission must result in the denial of the minimal civilized measure of life's necessities."  *Id.* at 834 (internal quotations omitted).  Second, the prison official must have a "sufficiently culpable state of mind," *i.e.*, he must act with "deliberate indifference to inmate health or safety."  *Id.* (internal quotations omitted).  In defining "deliberate indifference" in this context, the Supreme Court has imposed a subjective test: "the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, *and* he must also draw the inference."  *Id.* at 837 (emphasis added).

The specific inquiry with respect to pretrial detainees is whether the prison conditions amount to "punishment" without due process in violation of the Fourteenth Amendment.  *Bell*, 441 U.S. at 535.  A jail or prison must provide prisoners with "adequate food, clothing, shelter, sanitation, medical care, and personal safety." *Hoptowit v. Ray*, 682 F.2d 1237, 1246 (9th Cir. 1982).  However, this does not mean that federal courts can, or should, interfere whenever prisoners are inconvenienced or suffer *de minimis* injuries.  *See Bell*, 441 U.S. at 539 n.21 (noting that a *de minimis* level of imposition does not rise to a constitutional violation).

**III.    Warnings**

**A.    Address Changes**

Plaintiff must file and serve a notice of a change of address in accordance with Rule 83.3(d) of the Local Rules of Civil Procedure.  Plaintiff must not include a motion

for other relief with a notice of change of address.  Failure to comply may result in dismissal of this action.

**B.    Copies**

Plaintiff must submit an additional copy of every filing for use by the Court.  *See* LRCiv 5.4.  Failure to comply may result in the filing being stricken without further notice to Plaintiff.

**C.    Possible Dismissal**

If Plaintiff fails to timely comply with every provision of this Order, including these warnings, the Court may dismiss this action without further notice.  *See Ferdik*, 963 F.2d at 1260-61 (a district court may dismiss an action for failure to comply with any order of the Court).

**IT IS ORDERED:**

(1)    Within 30 days of the date this Order is filed, Plaintiff must either pay the $400.00 filing and administrative fees **or** file a complete Application to Proceed *In Forma Pauperis* and a certified six-month trust account statement.

(2)    If Plaintiff fails to either pay the $400.00 filing and administrative fees or file a complete Application to Proceed *In Forma Pauperis* within 30 days, the Clerk of Court must enter a judgment of dismissal of this action without prejudice and without further notice to Plaintiff.

(3)    Plaintiff's Complaint (Doc. 1) is **dismissed without prejudice** for failure to file on a court-approved form.  Plaintiff has **30 days** from the date this Order is filed to file a first amended complaint in compliance with this Order.

(4)    If Plaintiff fails to file an amended complaint within 30 days, the Clerk of Court must, without further notice, enter a judgment of dismissal of this action without prejudice and without further notice to Plaintiff.

. . . .

. . . .

. . . .

(5)     The Clerk of Court must mail Plaintiff a court-approved form for filing an Application to Proceed *In Forma Pauperis* (Non-Habeas) **and** a court-approved form for filing a civil rights complaint by a prisoner.

Dated this 31st day of October, 2014.

Honorable Steven P. Logan
United States District Judge